# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## JUNE 1997 SESSION

FILED

December 23, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **DONALD WAYNE HOLT,** | ) | |
| | ) | **C.C.A. NO. 03C01-9702-CR-00059** |
| Appellant, | ) | |
| | ) | **JOHNSON COUNTY** |
| VS. | ) | |
| | ) | **HON. LYNN W. BROWN,** |
| **HOWARD CARLTON and** | ) | **JUDGE** |
| **STATE OF TENNESSEE** | ) | |
| | ) | |
| Appellees. | ) | (Habeas corpus) |

FOR THE APPELLANT:             FOR THE APPELLEE:


**KENNETH F. IRVINE, JR.**           **JOHN KNOX WALKUP**
606 W. Main St., Suite 350        Attorney General & Reporter
P.O. Box 84
Knoxville, TN   37901-0084        **SANDY R. COPOUS**
                                  Asst. Attorney General
                                  450 James Robertson Pkwy.
                                  Nashville, TN  37243-0493

                                  **DAVID CROCKETT**
                                  District Attorney General
                                  Route 19, Box 99
                                  Johnson City, TN   37601


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

The petitioner filed his petition for writ of habeas corpus on September 18, 1996, alleging that his 1991 conviction for aggravated rape is void because it is based upon an invalid indictment. Specifically, he claims that the indictment fails to allege the necessary mens rea element and that his conviction must therefore be reversed and dismissed pursuant to this Court's opinion in State v. Roger Dale Hill, Sr., No. 01C01-9508-CC-00267, Wayne County (Tenn. Crim. App. filed June 20, 1996, at Nashville).[1] The court below summarily dismissed the defendant's petition, finding that it fails to state a claim upon which relief could be granted. The defendant now appeals. We affirm the judgment below.

In Hill, this Court held that an indictment for aggravated rape alleging that the defendant had "unlawfully sexually penetrate[d]" the victim was insufficient because it did not allege a culpable mental state. However, our Supreme Court has overruled this Court's decision in Hill, holding that aggravated rape "is committable only if the principal actor's mens rea is intentional, knowing, or reckless. Thus, the required mental state may be inferred from the nature of the criminal conduct alleged." State v. Hill, __ S.W.2d __ (Tenn. 1997) (footnote omitted).

In this case, the petitioner was also charged with aggravated rape, the indictment alleging that he "unlawfully did sexually penetrate and cause bodily injury to" the victim. Under our Supreme Court's analysis in Hill, this indictment is adequate. This

---

[1] The petitioner also claims in his petition that the indictment was not signed by the district attorney general. However, this issue has not been briefed and is therefore waived. Tenn. Crim. App. R. 10(b). Moreover, the copy of the indictment included in the record contains the signature of Guy R. Dotson, who was the district attorney general of Rutherford County at the time. This issue merits no further discussion.

2

issue is therefore without merit.

The judgment below is affirmed.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
CURWOOD WITT, Judge

3